UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:12-cr-00054 |
| v. ) | CHIEF JUDGE HAYNES |
| ) | |
| EDWARD WAYNE HENRY ) | |

## AGREEMENT FOR PRETRIAL DIVERSION

The United States has alleged that you knowingly converted to your own use funds belonging to the United States Department of Veterans Affairs (VA) in the amount of $47,363, in violation of Title 18, United States Code, Section 641, as set forth in Indictment in case number 3:12-cr-00054. Specifically, after the death of your cousin, who was receiving VA Dependency and Indemnity Compensation (DIC) benefits, you failed to disclose your cousin's death to the VA and continued to receive and convert to your own use your deceased cousins benefits through a joint bank account which you had shared with your cousin. By entering this agreement, you agree that, beginning on or about October 8, 2005, and continuing without interruption until on or about July 21, 2009, you stole and converted to your own use $47,363 in VA DIC benefit payments.

Through your acceptance of responsibility for your behavior and by your signature on this Agreement, it appears, after an investigation of the offense and other circumstances surrounding the alleged criminal conduct, that the interests of the United States, your own interests, and the interests of justice will be served by deferring any charges against you under the terms of this Agreement as set forth below.

Therefore, on the authority of the Attorney General of the United States, by Jerry E. Martin, United States Attorney for the Middle District of Tennessee, prosecution in this District for this offense shall be deferred for a period of 18 months from this date, provided that you abide by the following conditions and the requirements of the program set out below.

Should you violate the conditions of this agreement or the program of supervision referenced below, the United States Attorney may revoke or modify any conditions of this diversion program or change the period of supervision which shall in no case exceed eighteen (18) months. The United States Attorney may at any time within the period of your supervision initiate prosecution for these offenses should you violate the conditions of this Agreement. In that event, United States Attorney will furnish you with notice specifying the conditions of the Agreement which you have violated.

If and when you successfully complete your diversion program and fulfill all the terms and conditions of the Agreement, no further prosecution for the offenses set out on page one of this Agreement will be instituted in this District.

Should the United States, in its sole discretion, determine that you have violated the terms of this agreement and are therefore subject to further prosecution for the crimes set forth above, this agreement and any admissions you have made within it may be used against you in a subsequent prosecution for those crimes.

## CONDITIONS OF PRETRIAL DIVERSION

1. You shall be fingerprinted by the United States Marshals Service in accordance with the policies of the Administrative Office of U.S. Courts, the United States Attorney's Office, and the Federal Bureau of Investigation;

2. You shall not violate any federal, state, or local law, and shall inform the Pretrial Services Officer within 48 hours of any charges, arrests, or law enforcement contact;

3. You shall continue to live in this judicial district. If you intend to move out of the district, you shall inform your pretrial diversion supervisor so that the appropriate transfer of program responsibility can be made.

4. You shall report to your pretrial diversion supervisor as directed and keep your pretrial diversion supervisor informed of your residence.

5. You shall pay restitution in the amount of $47,363 in monthly installments. Restitution payments shall be made payable and submitted to the U.S. District Court Clerk's Office, 801 Broadway, 8th Floor, Nashville, Tennessee 37203.

6. If the full amount of restitution of $47,363 is not completely paid within 90 days of the end of your supervision period, but you have otherwise complied with all of the conditions described herein, you shall enter a separate binding agreement to pay the remaining balance owed on the restitution. That binding agreement will be enforceable under the civil laws of the United States and the state of Tennessee, and its terms will be determined at the sole discretion of the United States Attorney.

7. You shall participate in the Money Smart Program administered by the Probation and Pre-trial Services Office and as directed by your pretrial diversion supervisor.

## CERTIFICATION OF AGREEMENT

I assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the <u>Federal Rules of Criminal Procedure</u> provides that the Court may dismiss an indictment, information, or complaint for unnecessary delay in presenting an indictment to the Grand Jury, filing an information or in bringing a defendant to trial. I hereby request that the United States Attorney for the Middle District of Tennessee, defer any prosecution of me for violation of Title 42, United States Code, Section 408(a)(4) or Title 18, United States Code, Section 641, for a period of eighteen (18) months. I agree and consent that any delay from the date of this Agreement to the date of the resumption of the prosecution, as provided for in the terms expressed herein, shall be deemed to be necessary delay at my request, and I waive any claim that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial. I also agree that the statute of limitations will stop running for a period equal to the period of this Agreement and that the period this Agreement is in effect shall be excluded in determining whether the limitation period has expired.

I waive my rights under the Privacy Act of 1974, in order that the United States Attorney and the United States Probation Office may make the necessary disclosure of information for the purposes of this diversion program.

I hereby state that the above has been read and explained to me. I understand the conditions of my pretrial diversion and agree that I will comply with them.

_____      9/17/12
Edward Wayne Henry                   Date
Olmstead, KY

_____     9/17/12
C. Douglas Thoresen                    Date
Assistant Federal Public Defender
Attorney for Edward Wayne Henry

_____ CUSPO designee For     9-17-12
Angela D. Rankin                      Date
Program Supervisor

_____     9/17/12
Sandra G. Moses                       Date
Assistant United States Attorney

_____     8-12-1?
Jerry E. Martin                         Date
United States Attorney for the
Middle District of Tennessee
110 9th Avenue South, Suite A961
Nashville, Tennessee 37203

This agreement is approved pursuant to Title 18, United States Code, Section 3161(h)(2).

_____
WILLIAM J. HAYNES, JR.
United States District Judge

5